On the Merits.
[2] Plaintiff is a colored man, and was the body servant of defendant’s father, W. N. Jeter. The latter executed in favor of plaintiff three acts of conveyance of land: One of sale; one in part of sale and in part of donation; and a third of sale. The present suit is to correct the description in the last of these acts. Defendant stands in the place of his father — as heir, and as having bought out his coheirs.
In an act of date December 17, 1879, being the first of the above-mentioned acts, defendant’s father sold to plaintiff, in consideration of $200 cash, the N. E. % of section 33, township 20, range 16. It turned out that he was not owner of this land, and, so, eight years later, March 29, 1887, he executed another act, being the second of the above-mentioned acts, reciting that, in place of the said land *265 erroneously sold to plaintiff, lie conveyed to him the S. % of the S’. E. % of section 32, township 20, range 16. By the same act, he donated to plaintiff the N. E. *4 of the N. E. % of section 5, township 19, range 16.
In December of the same year, 1887, he executed in favor of plaintiff, the third of the above-mentioned acts, selling to him, in consideration of $100 the S. E. % of the S. B. *4 of section 32, township 19, range 16, and the N. E. % of the N. E. % of section 5, township 16, range 19.
This last act is the only one that is referred to in the petitiQn. The description contained in it is alleged to be erroneous in that the section 32 is said to be in township 19, when in fact it is in township 20; and in that section 5 is said to be in township 16, range 19, when in fact it is in township 19, range 16; and, in that the land intended to be conveyed was not any part of said sections, but was the W. y2 of the S. W. % of section 33, township 20, range 16.
Although the petition makes no reference to the act of March 29, 1887, by which plaintiff acquired the S. y2 of S. E. % of section 32, and the N. E. % of N. E. % of section 5, and although plaintiff acquired the land in these sections by the said deed of March 29, 1887 (not referred to in the petition), and not by the said deed of December 10,1887 (which is alone referred to in the petition), the prayer of the petition is that the said deed of December 10, 1887, be corrected not only by making it apply to the W. % of S. W. % of section 33, but also by putting sections 32 and 5 in their right townships and ranges. And the judgment made all these corrections. ■
The theory of plaintiff’s suit (and we find that it is conformable to the facts) is that the land intended to be conveyed by this deed of December 10, 1887, was the W. % of the S. W. % of section 33, and no other, and that, in consequence, all reference to sections 32 and 5 was purely and simply by error. If so, the proper manner of correcting the description in that deed would seem to be by striking out altogether the description contained in it, and substituting, in lieu thereof, a description of the W. y2 of section 33 — the land intended to be conveyed. However, as the defendant has expressly consented that the description be corrected in so far as sections-32 and 5 are concerned, we shall simply affirm the judgment as written.
[3] We affirm the judgment for the reason that there can be no serious denial that the father of defendant could not possibly have intended to describe in this deed of December 10, 1887, the same land which he had already, by the ’act of March 29th of the same year, sold and donated to plaintiff; and that the oral evidence shows conclusively that the land intended to be sold was the W. % of S. W. % of section 33. Plaintiff was in possession of it from that time until recently when he was dispossessed by defendant.
This parol evidence was objected to on the ground that, while parol is admissible for showing an error in the description of real estate in an act of sale, it is not admissible for taking out one piece of real'estate from the act and substituting another piece in its-place. No decision is cited in support of the-distinction here attempted to be made, whereas cases can be cited where the evidence was admitted for just such a substitution. Palangue v. Guesnon, 15 Da. 311. See Levy v. Ward, 33 La. Ann. 1035, and cases there cited.
It is suggested that the act of December 10, 1887, was intended merely as a confirmation of the sale, and a revocation of the donation, of March 29th of same year. That suggestion is founded upon nothing at all,, and impresses us as too far-fetched to be seriously considered. Moreover, the sale of March 29th stood in no need of confirmation, and the donation was a remunerative donation not revocable, and even if it had been revocable, no cause has been shown to have *267 arisen for its revocation; and, besides, this act of December 10th recites that it is made in consideration of a price of $100.
Judgment affirmed.